UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TERRY MAYS                                CIVIL ACTION NO. 15-cv-2685

VERSUS                                    JUDGE FOOTE

GARY LOFTIN, ET AL                        MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

This is one of 38 prisoner complaints that invokes the Reprieve Australia "Blackstrikes" report and seeks broad injunctive relief against current jury selection procedures in Caddo Parish, plus production of voluminous documents. The court has ruled in one of the cases that the claims lack merit. For the reasons that follow, it is recommended that this case also be dismissed.

**State Court Conviction**

Terry Mays ("Plaintiff") was in the Mooretown section of Shreveport one night with two companions when two men drove up and asked if they knew Big Boy, who the men believed to be a drug dealer. Plaintiff and his companions talked to the men and acted as if they had drugs for sale. One of Plaintiff's companions then snatched the keys from the ignition of the men's car, and Plaintiff pointed a sawed-off shotgun at the driver's head and demanded money. Both men surrendered their money, but Plaintiff shot the driver in the neck and killed him.

A Caddo Parish jury convicted Plaintiff of second-degree murder and armed robbery. His convictions and sentences were affirmed on direct appeal. State v. Mays, 612 So.2d 1040 (La. App. 2d Cir. 1993), writ denied, 619 So.2d 576 (La.). Petitioner also pursued post-conviction applications in state court, followed by a federal habeas corpus petition that was denied on the merits. Mays v. Warden, 2012 WL 3645099 (W.D. La. 2012). It does not appear that Plaintiff pursued a Batson claim in those proceedings.

**The Federal Proceedings**

Reprieve Australia, a civil rights organization, released its "Blackstrikes" report in August 2015. It reviewed the use of peremptory challenges in Caddo Parish between 2003 and 2012 and suggested that Caddo Parish prosecutors during that time were more than three times as likely to strike black as non-black prospective jurors.

Plaintiff, joined by 12 other prisoners, filed a "Motion for Preliminary Injunction and Protection Order Over All Records." The motion cites the report and asks for a preliminary injunction that orders the Caddo Parish Clerk of Court and District Attorney to provide all records related to jury selection, orders the defendants to stop purposefully excluding prospective black jurors on the basis of race, and orders a stop to an alleged racial coding system.

The court found that the several plaintiffs could not properly join in one action, so a separate civil action was opened for each of the prisoner/plaintiffs. Several other prisoners soon filed virtually identical motions, for a total of 38 such motions under separate case

numbers.  All of those cases were assigned to the same judge and magistrate judge for the sake of consistency and efficiency.

**Recommendation**

The undersigned reviewed the claims in detail in a Report and Recommendation in the lead case, Wilbert Robertson v. Loftin, 15-cv-2678.  The Report and Recommendation noted that the movants had disavowed any request for habeas relief, and there was no viable basis for a claim under 42 U.S.C. § 1983.  It explained that there was no actual case or controversy that would allow the prisoners to invoke the jurisdiction of the court to seek injunctive relief.  Finally, it explained why there was no basis to seek a writ of mandamus to state court officials that directs them to provide the prisoners with transcripts of their trial proceedings or other records.  Judge Foote adopted that recommendation and entered a final judgment that denied the request for injunction and dismissed the civil action without prejudice.  Robertson v. Loftin, 2016 WL 3919718 (W. D. La. 2016), recommendation adopted, 2016 WL 3920425 (W.D. La. 2016).  A copy of the Report and Recommendation and the Judgment from the Robertson case are attached.

There is no legal distinction between this case and Robertson, so denial of relief is also warranted in this case.  Plaintiff recently filed an Amended Motion for Preliminary Injunction (Doc. 12) in which he asked to expand the years under review from the 2003-2012 period reviewed by the Reprieve Australia report to also include 1978-2002.  The expansion would bring Plaintiff's 1990's conviction within the range of years he puts at issue, but it

does nothing to change the fact that there is no legal basis for the sweeping injunctive relief that Plaintiff seeks.

Accordingly,

IT IS RECOMMENDED that Plaintiff's Motion for Preliminary Injunction and Protection Order Over All Records (Doc. 1) and Amended Motion for Preliminary Injunction and Protection Order Over All Records (Doc. 12) be denied and that this action be dismissed without prejudice.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 1st day of August, 2016.

Mark L. Hornsby
U.S. Magistrate Judge